## MARSH *vs.* THE ONEIDA CENTRAL BANK.

Where money is deposited in a bank, generally, to the credit of the depositor, and is not appropriated to the payment of a note of the depositor, held by the bank, or to any other special purpose, the relation of debtor and creditor is created, between the depositor and the bank; the latter becoming a debtor to the former for the amount deposited, and liable to pay on demand.

The bank has the right, at any time, to apply the amount in payment of a note past due, but is under no obligation so to apply it.

If it omits to make the application, and postpones it until after the recovery of a judgment upon the note, this will not affect the right. It may apply the money after as well as before the recovery of the judgment, in payment of the debt due from the depositor.

Whether the application is made, or not, is immaterial. If not made, the bank may, in an action by the depositor, or his assignee, to recover the money deposited, avail itself of its judgment as an equitable set-off.

THE plaintiff brought his action before a justice of the peace, to recover $75 deposited with the defendant by one Thomas C. Hyland. The defendant alleged that the money was deposited by Hyland in part payment of a note of Hyland held by the bank and past due, and by way of counterclaim set up a judgment recovered in this court against Hyland, upon the note. The note was for $123.08, and became due in September, 1857, and a judgment was recov-

Marsh *v.* Oneida Central Bank.

ered thereon by the present defendant, on the 25th day of December, 1858. The claim for the money deposited was assigned to the plaintiff July 28, 1859, and a demand of the money made by the plaintiff in October, 1859. This action was commenced on the 21st day of October, 1859. The justice gave judgment for the plaintiff, which, upon appeal, was affirmed by the county court of Oneida county, and the defendant appealed to this court from the latter judgment.

*G. F. Bicknell*, for the appellant.

*S. Van Dresar*, for the respondent.

*By the Court*, ALLEN, J. There was some conflict in the evidence touching the deposit, and whether the money was deposited generally to the credit of the depositor or as a partial payment of the note of the depositor then past due and held by the defendant. All the evidence, including that of Hyland, the depositor, I think, clearly shows that the money was specially deposited as a partial payment of the note, although not formally applied, for the reason that the note was not paid in full. If so paid, it could not be withdrawn until the note should be otherwise disposed of. But it is not necessary to pass upon this question of fact. Upon the theory of the plaintiff that the money was deposited generally to the credit of Hyland, and was not appropriated to the payment of the note, or to any other special purpose, the judgment should be reversed. The plaintiff, as the assignee of a chose in action not negotiable, takes subject to all the legal as well as equitable rights of the defendant against the assignor. The deposit not being a special deposit entitling the depositor to a return of the same money deposited, in specie, created the relation of debtor and creditor between the depositor and the bank, the latter becoming a debtor to the former for the amount deposited, and liable to pay on demand. (*Ketchum* v. *Stevens*, 6 *Duer*, 463;

Marsh *v.* Oneida Central Bank.

*affirmed,* 19 *N. Y. Rep.* 499. *Beckwith* v. *The Union Bank,* 4 *Sandf. S. C. R.* 604; *affirmed,* 5 *Seld.* 211. *Commercial Bank of Albany* v. *Hughes,* 17 *Wend.* 94. *Dykers* v. *Leather-Manufacturers' Bank,* 11 *Paige,* 612.) The bank had the right at any time to apply the amount in payment of the note then past due, (*Commercial Bank* v. *Hughes, Ketchum* v. *Stevens, supra.*) As the plaintiff insists that the money was not paid upon, or in part payment of, the note, there was no obligation upon the defendant so to apply it. It was optional with the bank whether it would do so or not; but omitting to make the application, and postponing it until after the recovery of the judgment, did not affect the right. After as well as before the recovery of the judgment, the right of the defendant to apply the money in payment of the debt due from the plaintiff's assignor was perfect. The officer of the bank testified that the application was made; but whether it was or not, is immaterial. If it was not made, then the defendant was the debtor of Hyland to the amount of the deposit, and the latter was the debtor of the bank to the amount of the judgment, and the one constituted a legal as well as equitable set-off against the other. The bank was not bound to pay the checks of Hyland, or regard the transfer to the plaintiff, made after the right of the defendant to set off the judgment had accrued. (*McGuinty* v. *Herrick,* 5 *Wend.* 240. *Robinson* v. *Howes,* 20 *N. Y. Rep.* 84. *Code,* § 112. 2 *R. S.* 354.)

We cannot regard the documentary evidence not before the justice. If, for no other reason, it must be disregarded because it relates to facts which have transpired since the trial before the justice and about the time of the affirmance of the judgment by the county court. The judgments of the county court and of the justice must be reversed.

[ONONDAGA GENERAL TERM, January 1, 1861. *Bacon, Allen, Mullin* and *Morgan,* Justices.]