THE NATIONAL BANK OF NEWBURGH, Respondent, *v.* DANIEL SMITH, Appellant.

Where, after the maturity of a promissory note held by a bank, and due protest and notice thereof, the maker makes a general deposit in the bank of an amount sufficient to pay the note, this does not of itself, as between the bank and an indorser, operate as a payment.   In the absence of any express agreement or directions, it is optional with the bank whether or not to apply the money in payment; it is under no legal obligation so to do.

(Argued April 28, 1876; decided May 23, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was upon a promissory note made by one

Thomas George, indorsed by defendant and discounted by plaintiff.

The note was for $500; it fell due February 17, 1874; was not paid; was duly protested, and notice served on defendant. When the note fell due, George had ten dollars and forty-three cents on deposit in the plaintiff's bank. He deposited $500 March 2, 1874, which was credited to him; no directions were given as to the application thereof. The note was not charged to his account, it being the practice not to so charge unless an account is good for the note at the time it falls due.

On March 4, 1874, another note made by George, payable at plaintiff's bank, and falling due on that day, was presented for payment, was paid by plaintiff, and charged up in George's account.

*C. F. Brown* for the appellant. An indorser of a promissory note holds, as to the maker, the relation of a surety. (Byles on Bills, 190; 3 Kent's Com., 112; *Wood* v. *Jeff. Co. Bk.*, 9 Cow., 206; *Snyder* v. *Westfall*, 4 Hill, 216; *Griffith* v. *Reed*, 21 Wend., 304; *Nat. Bk. of Fishkill* v. *Speight*, 47 N. Y., 668.) Plaintiff was bound to apply towards the payment of the note in suit all available means under its control. (*Gary* v. *Cannon*, 3 Ire. Eq., 64; *Pratt* v. *Adams*, 7 Paige, 615; *Clark* v. *Ely*, 2 Sandf. Ch., 166; *Wright* v. *Austin*, 56 Barb., 13; *Edson* v. *Dillage*, 17 N. Y., 158; *King* v. *Baldwin*, 2 J. Ch., 554; *Hays* v. *Ward*, 4 id., 123; *Wright* v. *Austin*, 56 Barb., 13; *Ætna Nat. Bk.* v. *Fourth Nat. Bk.*, 46 N. Y., 82, 88; *King* v. *Johnson*, 17 J. R., 384; *Baker* v. *Stackpole*, 9 Cow., 436; 47 N. Y., 668; 2 Pet., 543; *Coml. Bk. of Albany* v. *Hughes*, 17 Wend., 94; *U. S. Bk.* v. *Smith*, 11 Wheat., 171; Pars. on Bills, 436.)

*Samuel Hand* for the respondent. The deposit of March second was not a payment of the note in suit. (*Kingston Bk.* v. *Gay*, 19 Barb., 459.) It was not, without an actual demand of payment, a legal set-off against the note in suit. (*Downer*

v. *Phœnix Bk.*, 6 Hill, 297; *Payne* v. *Gardner*, 29 N. Y., 146.) It was optional with the bank whether to apply this deposit to the payment of the note in suit. (*Marsh* v. *Oneida Central Bk.*, 34 Barb., 298.) Defendant's liability became fixed by the protest, and could not be discharged by any dealings between the maker and plaintiff which did not deprive defendant of any remedy against the maker on the note. (*Beardsley* v. *Warner*, 6 Wend., 610; *Pitts* v. *Congdon*, 2 Comst., 352; *Hurd* v. *Little*, 12 Mass., 503; *Pring* v. *Clarkson*, 1 B. & C., 14; *Ross* v. *Jones*, U. S. S. C., Sept. 10, 1875.)

*Per Curiam.* When the note in suit was protested and the liability of the defendant as indorser fixed, there were no funds appropriated for the payment of the same. The general deposit of money afterwards without regard to the note did not, of itself, operate as a payment. On the contrary, as there was no agreement that the money deposited was to be appropriated for such a purpose, the act itself indicates that there was no intention by the depositor or the plaintiff to apply it upon the note. The subsequent disposition of the money, without any objection, confirms the inference that there was no design thus to appropriate it. If such had been the intention no reason exists why a check should not have been given for the amount of the note in suit and the note taken up or at least a charge made for the same upon the maker's account. In the absence of any express directions or an agreement to that effect, it was optional with the bank whether it should apply the money or not upon the note in suit, and it was under no positive legal obligation to do so. (*Marsh* v. *Oneida Central Bank*, 34 Barb., 298; *Pitts* v. *Congdon*, 2 Comst., 352; *Beardsley* v. *Warner*, 6 Wend., 611.)

The question is not presented whether the rights of the parties would have been changed, if the maker of the note had to his credit on account sufficient to meet the note when it matured, and the authorities cited on this subject, therefore, have no application.

The note having been duly protested and no act done by the plaintiff, which discharged the liability of the indorser, the judgment must be affirmed.

All concur.

Judgment affirmed.