## Arno Voss

### *v.*

## The German American Bank of Chicago.

Surety—*discharge—bank not appropriating deposit of principal.* The fact that the principal in a note payable to a bank has funds on deposit in the bank after the maturity of the note, and before suit on the note, exceeding the sum due thereon, and the bank does not appropriate the same to its payment, does not discharge the surety.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. E. & A. Van Buren, for the appellant.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a suit, brought August 18, 1874, upon a promissory note, of which the following is a copy:

"CHICAGO, *Oct.* 4, 1873.

"Fifteen days after date we promise to pay to the order of the Germania Bank of Chicago three hundred dollars, at their office, with interest at the rate of ten per cent per annum after due, until paid. Value received.

(Signed.)                "ALBERT MICHELSON,
"Indorsed:                "A. VOSS.

"Received on account, $72.    November 21, 1873.

"Received on the within note, $25.    July 28, 1874."

Upon trial in the court below, without a jury, the plaintiff recovered a judgment for $246.10.

The note appears to have been made for Michelson's benefit, and Voss to have been only a surety, as between himself and Michelson, and as Michelson is shown to have had funds on deposit in the bank, from time to time, after the maturity of the note, and before the bringing of the suit, to an amount exceeding that of the note, it is insisted the bank was bound to apply such funds to the payment of the note, and that not having done so, Voss was discharged. And the cases of *McDonald* v. *Bank of Wilmington and Brandywine*, 1 Harrington, 369, and *Law* v. *East India Co.* 4 Vesey, 824, are cited as authorities that, under such circumstances, a surety will be discharged. Without remark upon or consideration of these authorities, we do not regard them as having application to the case in hand. We do not recognize, in such a case as is here presented, the existence of any such obligation as the one which is asserted by appellant's counsel.

It is further set up, that there was an extension of the time of the payment of the note granted by the bank to Michelson, whereby Voss was discharged. It is sufficient to say, that we find no sufficient evidence of any binding agreement for such extension.

The judgment is affirmed.                *Judgment affirmed.*