BANK OF COMMERCE V. HUMPHREY *et al.*

1.  Where, in an action by a bank upon a promissory note made to it, a defendant answers that he signed the note as surety, and not otherwise, for the debt of the principal maker of the note, all of which the bank knew; and that the principal maker had, at the maturity of the note, and frequently since, more unappropriated money on deposit with the plaintiff bank, to his personal account, than would pay such note, which the bank has failed to apply to the same, and thus discharge said surety,—plaintiff is not entitled to judgment on the ground of the frivolousness of such answer.

2.  An answer ought not to be held frivolous which presents a defense which never having been passed upon and settled in this state, is held good by the highest courts of some other states, even though the weight of authority may seem to be against such holding.

3.  In such action, an answer by a surety that the time for the payment of the note has repeatedly been extended for the principal maker by the said bank without the knowledge or consent of such surety is strongly suggestive of a good defense imperfectly pleaded, and, while it might be demurrable, it should not be held to be frivolous.

4.   A frivolous answer is one so clearly and probably bad as to require no argument or illustration to show its character, and which would be pronounced frivolous and indicative of bad faith in the pleader upon a bare inspection.

(Syllabus by the court.   Opinion filed Dec. 27, 1894)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Action on a promissory note.   Judgment for plaintiff, and defendant Humphrey appeals.   Reversed.

The facts are stated in the opinion.

*Chauncey L. Wood* and *Chas. J. Buell*, for appellant.

When a defect in the form of stating defenses is not called to the attention of the court it is held to be waived.   Boone Code Pleading sec. 80; Truitt v. Baird, 12 Kan. 420; Joy v. Betzer 41 N. W. 575.

A banker has a general lien dependent upon possession upon all property in his hands belonging to a customer for a balance due from such customer in the course of business. Comp. Laws, Sec. 4443; Civil Code Cal. Sec. 3054 1 Jones Liens Sec. 241; Thomas v. Pennelton, 1 S. D. 152; Hagan v. Hagan, 53 N. W. 209; American v. Standard, 33 Pa. 246; Sutherland Stat. Const. Sec. 184.   A bank has the undoubted power to apply deposits on general account to overdue paper of the depositor.   Bank v. Brewing Co., 33 N. E. 1054; Bank v. Clasisen, 23 N. Y. Sup. 310; Strane v. Bank, 25 N. E. 372; Yordley v. Clothier, 51 Fed. 505.

A frivolous answer is one so clear and palpably bad as to require no argument or illustration to show its character—one which would be pronounced frivolous and indicative of bad faith in the pleader on bare inspection.   18 Am. & Eng. Ency. Law 504; Metzed v. Railroad, 21 N. Y. 676; Cook v. Warren, 88 N. Y. 39; Strong v. Spowel, 53 N. Y. 497; Young v. Kent, 46 N. Y. 672; Cotrell v. Cramer, 40 Wis. 555.

*Sidney J. Parsons*, for respondent.

There is no legal obligation upon a bank to apply money of a depositor upon a debt due it from said depositor if it does not

chose to do so.   Voss v. German, 83 Ill. 599; 25 Am 415; Nat'l
Bank v. Smith, 66 N. Y. 271.   A surety is released when the
creditor parts with a lien for the payment of the debt to which
the surety has the right of subrogation in case such release has
caused the surety damage.   24 Am. and Eng. Enc. 852.   An
agreement without consideration to enlarge the time of pay-
ment will not discharge a surety.   Gardner v. Watson. 13 Ill.
347; Leibhardt v. Myron, 61 Ill. 81.   Mere delay on the part
of the holder or payee to collect a note or to take steps to en-
force it will not discharge the obligation of a surety.   Fundley
v. Hall, 34 Am. Rep. 578; Snead v. White, 20 Am. Dec. 175;
King v. State, 47 Id. 436; Bank v. Dixon, 24 Am. Dec. 640;
Benedict v. Thoe. 35 N. W. 10; Sheldon v. Williams, 9 N. W. 86;
Jackson v. Benson, 7 N. W. 97; Humphrey v. Crane, 5 Cal. 137;
Harrman v. Burlingame, 9 Cal. 557; Smith v. Freyler, 1 Pac.
214; Harris v. Newell, 42 Wis. 690.

KELLAM, J.   The respondent, as plaintiff, brought this ac-
tion to recover upon a promissory note signed by appellant and
one Murphy.   Appellant, Humphrey, answered separately, ad-
mitting the execution of the note, but alleging that he signed
the note as surety for Murphy, and not otherwise, and that the
respondent bank at all times knew of his relation thereto.   The
answer further alleges as follows:   "That at the maturity of
said note, and until this action was commenced, the said de-
fendant Murphy was the postmaster in the United States post-
office in Grand Island, and did all of his banking business with
the plaintiff bank, and frequently during such times nad larger
sums of money than was due on said note deposited in said
plaintiff bank on his personal general account.   The said bank
had many opportunities to collect said note from said Murphy,
as aforesaid, but has failed and neglected to do so, and has at
divers and sundry times extended the payment on said note,
without the knowledge or consent of this defendant, Isaac M.

Humphrey; and although said note matured on the 9th day of
August, 1891, this defendant, Isaac M. Humphry, had no
notice or knowledge whatever that said note was unpaid until
the summons in this action was served upon him." Upon mo-
tion the plaintiff moved for judgment on the pleadings "upon
the ground that the answer of the defendant, Isaac M. Hum-
phry, is frivolous, and for the reason that it admits all the al-
legations of the plaintiff's complaint, and that he is obligated
to the plaintiff as therein alleged." The court sustained the
motion, and ordered judgment against the defendant, which
was duly entered. From this judgment he appeals.

The Code provision under which this motion was made is
section 5026, Comp. Laws, and is as follows: "If a demurrer,
answer or reply be frivolous, the party prejudiced thereby, up-
on a previous notice of five days may apply to a judge of the
court either in or out of the court, for judgment thereon, and
judgment may be given accordingly." · Appellant contends
that his answer sets up two defenses, either of which is of suf-
ficient merit to protect the answer from being considered friv-
olous: First, that the plaintiff bank had a lien upon the de-
posit of Murphy, which, failing to assert, this appellant, as
surety, was discharged; and, second, that having extended the
note without the consent or knowledge of appellant, he was
thereby discharged as surety. Section 4443, Comp. Laws,
reads as follows: "A banker has a general lien, dependant
upon possession, upon all property in his hands belonging to a
customer, for the balance due to him from such customer in the
course of the business." This follows and codifies the rule of
law as laid down in such cases as Bank v. Hughes, 17 Wend.
94; Marsh v. Bank, 34 Barb. 298; In re Williams, 3 Ir. Eq. 346;
McDowell v. Bank, 1 Har. (Del.) 369. The question here is,
should this answer have been held frivolous? The answer al-
leges that frequently between the maturity of the note and the
commencement of this action defendant Murphy, the principal
debtor on the note, had on deposit with the plaintiff bank more

than sufficient funds to take up and pay this note, and thus relieve the surety. It has been often held, under such circumstances, that the bank was under no legal obligations to charge the note against the account of the principal, and that it owed no duty to the surety so to do, a neglect of which would operate to discharge such surety. Upon this point, see Voss v. Bank, 83 Ill. 599; Bank v. Smith, 66 N. Y. 271; Marsh v. Bank, 34 Barb. 298; Bank v. Hill, 76 Ind. 223. But this doctrine has not commanded universal assent. Without special search we find several authorities of acknowledged reputation expressing contrary views. As recently as in 1884 the supreme court of Pennsylvania, in Bank v. Henninger, 105 Pa. St. 496, in a lengthy opinion, held to the contrary. In Dawson v. Bank, 5 Pike, 283, the supreme court of Arkansas declared the same adverse views. See, also, Morse, Banks (3d Ed.) Sections 562, 563. The learned author of Brandt, Sur. Sec. 292, concludes a discussion of this question as follows: "But where the principal has a general balance at the bank after the debt of the bank is due, authorities differ as to the duty of the bank to retain the amount of the debt." It is not our purpose at this time to examine the merits of this question. The question is practically important, and the court is entitled to the aid of briefs and argument of counsel, whenever it shall be presented for final adjudication. While we may have strong convictions as to where the weight of authority lies, this alone would not justify us in holding the answer frivolous. We are of the opinion that it was not within the comtemplation of the statute for the trial court to summarily pronounce such an answer frivolous. It might not be held good on demurrer, but we think a trial court should be slow to hold an answer frivolous which, never having been passed upon in this jurisdiction, is sustained by recent decisions of one or more of the highest courts of other states.

The answer set up as a further defense that the note had been extended by the bank without the knowledge or consent of the surety. This simple fact so pleaded, might not constitute

a good defense, but there was in it the groundwork of a defense. Without assuming almost bad faith on the part of the pleader, the answer would contain a strong intimation that the note was so extended upon a consideration, so as to substitute a new contract for the one which the surety signed, and destroy his right as a surety to take up the old note, and bring suit upon it against his principal. It would strongly suggest a good defense imperfectly pleaded. In such case, where an answer carries upon its face strong and persuasive evidence of what was intended for and may easily be made a good defense, but from the statement of which the court can see that one or more facts necessary to constitute such defense have probably been inadvertently omitted by the attorney drawing the answer, but which are directly in line with and complementary to what is stated in popular, though not sufficiently explicit, terms to make good pleading, it is not frivolous. A defendant so pleading should not summarily be denied the usually granted privelege of amending, by filling out his imperfect and skeleton answer, if he can do so, and is willing to verify it. An answer is not necessarily frivolous because it fails to state a good defense, and it was not the purpose of the statute to make this motion a substitute for demurrer to try or test the sufficiency of a pleading. It would be difficult to formulate a general or exact rule, which would define just how good or how bad an answer should be to bring it within the scope of said section 5026, In Strong v. Sproul, 53 N. Y. 499, Andrews, J. says: "A frivolous answer is one so clearly and palpably bad as to require no argument or illustration to show its character, and which would be pronounced frivolous and indicative of bad faith in the pleader upon a bare inspection." In Cottrill v. Cramer, 40 Wis. 555, Ryan, C. J., said: "To warrant this summary mode of disposing of a defense, the mere reading of the pleadings should be sufficient to disclose without deliberation and without doubt that the defense is sham or irrelevant." Without pursuing the subject further, and for the reasons stated, we think the trial

court erred in holding the answer frivolous, and in entering judgment against the defendant on that ground. The judgment is reversed, and the cause remanded to the circuit court for a vacation of the same, and for further proceedings according to law. All the judges concurr.