THE CITIZENS' BANK v. J. N. ELLIOTT AND GEORGE W. ELLIOTT.

**No. 283.** (59 Pac. 1102.)

PRINCIPAL AND SURETY—*Bank Deposits—Release of Surety.* Where a bank is the owner and holder of a promissory note signed by D. as principal and E. and E. as sureties, its failure to apply the moneys which D. had on deposit in said bank subsequently to the maturity of the note to its payment will not release the sureties.

Error from Barton district court; ANSEL R. CLARK, judge. Opinion filed February 14, 1900. Reversed.

*E. L. Hotchkiss,* and *William Osmond,* for plaintiff in error.

*C. A. Swartz,* for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced in the district court of Barton county by the bank to recover the amount due upon a promissory note executed to it

by C. L. Dawson as principal and J. N. Elliott and Geo. W. Elliott as sureties.   Service of summons was not had upon Dawson.

The answer alleges and the evidence shows that after the maturity of the note Dawson had on general deposit in said bank at different times sums of money aggregating more than the amount due upon the note, and that the bank neglected and failed to apply such deposits to the payment of the note.

The trial court instructed the jury that, as between the bank and the sureties, it was the duty of the bank to appropriate such general deposits to the payment of the note, and that the sureties would only be liable for what remained due upon said note after crediting thereon the amount of such general deposits.   The jury under this instruction returned a verdict in favor of the defendants.

The plaintiff in error brings the case to this court, and contends that the trial court erred in its interpretation of the law as contained in the instruction above mentioned.

While there is some conflict of authority upon the point, we think the better reasoning is with the position taken by the plaintiff in error.   Our views are clearly expressed in the case of *Peoples' Bank of Wilkesbarre v. Legrand*, 103 Pa. St. 309 :

"It is beyond question that the bank, in the absence of any special appropriation of the deposit by the depositor, would have the right to apply a general deposit to the payment of any existing, material indebtedness of the depositor.   But that privilege is a right which the bank may or may not exercise, in its discretion. . . . We fully recognize the rule that where a principal creditor has the means of satisfaction actually or potentially within his grasp, he must retain them for the benefit of the surety, but we regard the

Bank v. Elliott.

case of bank deposits as an exception to the rule. . . . While it is true that a bank is a mere debtor to its depositor for the amount of his deposit, and therefore, in an action by the bank against the depositor, on a note upon which he is liable, the latter may set off his deposit, yet we do not think the bank is bound to hold a deposit for the protection of an indorser of the depositor. A bank deposit is different from an ordinary debt in this, that from its very nature it is constantly subject to the check of the depositor, and is always payable on demand. The convenience of the commercial world, the enormous amount of transactions by means of bank checks, occurring on every business day in all parts of the country, require that the greatest facilities should be afforded for the use of bank deposits by means of checks drawn against them. The free use of checks would be greatly impaired if the banks could only honor them on peril of relieving indorsers without an investigation of the state of the depositor's liabilities upon discounted paper."

See, also, *Voss v. German American Bank*, 83 Ill. 599 ; *National Mahaiwe Bank v. Peck*, 127 Mass. 298 ; *National Bank of Newburgh v. Smith*, 66 N. Y. 271 ; *Houston v. Brader*, 37 S. W. (Tex. Civ. App.) 647 ; Bolles, Bank. §§ 417, 418.

The judgment of the district court is reversed and the case remanded for a new trial.