———o———

BISHOP A. BAILEY and JOHN G. WOODS, Respondents, *vs.* WILLIAM F. McGINNISS and STROTHER McGINNISS, Appellants.

1. *Lis pendens applies only to those having notice, etc.*—The doctrine of *lis pendens* only applies when parties to a suit have been notified of it. There is no *lis pendens* as to strangers until process is served or there is a voluntary appearance of the parties to it.

2. *Judgment—Irregularity in, not void collaterally, when.*—Where suit was brought against several defendants, of whom a portion were minors, and judgment was rendered against the infants without their appearance by guardian or curator, or where a judgment was rendered, on notice of publication against non-resident defendants at the same term at which they were notified to appear, *held*, that in cases of that character although such judgments might be set aside for irregularity in direct proceedings for that purpose, they were not void, collaterally, as to parties brought within the jurisdiction of the court.

*Appeal from Clay Circuit Court.*

*E. H. Norton, W. H. Woodson,* and *D. C. Allen,* for Appellants.

I. The judgment of partition, etc. in the Circuit Court, rendered March 29th, 1870, in the case of Andrew J. Rupe vs. Susan E. Malott, was absolutely null and void, and no title could be acquired under it; 1st—because there had been a previous judgment of partition in said cause, and commissioners appointed to divide the land, rendered March 17, 1869, and it had not been vacated or set aside when the second judgment was rendered; there cannot be two judgments in same case; 2nd—because on the 29th day of March 1870, and until on and after May 26th, 1873, the defendants,

James J. and Sarah E. Willoughby were minors, and said judgment was rendered against them without the appointment of a guardian *ad litem* to appear and defend for them, and without any appearance for or by them; also, because the minors, William C. Rupe and Francis M. Rupe were made defendants, and judgment rendered against them without service of process upon them, or appointment of guardian *ad litem*, and all this at the same term of the court. Minors can only appear in a partition suit after service of process upon them, and by guardian *ad litem* duly appointed. (Hendricks vs. McLean, 18 Mo., 32; Gibson vs. Chouteau, 39 Mo., 536; Randalls vs. Wilson, 24 Mo., 76 ; Shaw vs. Gregoire, 41 Mo., 407; Whitney vs. Porter, 23 Ill., 445); 3rd—because a judgment is an entirety, and is good as to all or bad as to all; and being erroneous as to the minors, Wm. C. and Francis M. Rupe, and James J. and Sarah E. Willoughby, was erroneous and void as to all. (Randalls vs. Wilson, 24 Mo., 76 ; Rush vs. Rush, 19 Mo., 441; Pomeroy vs. Betts, 31 Mo., 419 ; Cov. Mut. Life Ins. Co. vs. Clover, 36 Mo., 392 ; Goode vs. Crow, 51 Mo., 212 ; Howard vs. Thornton, 50 Mo., 291 ; Dickenson vs. Chrisman, 28 Mo., 134 ; Swan vs. Horton, 14 Gray, 179 ; Farris vs. Richardson, 6 Allen, 118 ; Holbrook vs. Murray, 5 Wend., 161 ; Hall vs. Williams, 6 Pick., 232 ; Richard vs. Walton, 12 John., 434.)

II. At the time of the purchase by William F. McGinniss of the interests in the lands of Andrew J. Rupe and others, April 13th, 1869, by their deed of that date, the case of Rupe vs. Malott (in partition) was not a *lis pendens* as to the defendants, nor was it at the May Term of the Clay County Court when it ordered the sale of the interests of the Willoughby heirs. No sane man can, upon all of the facts and the record, believe for a moment, that the defendants appeared March 17th, 1869.

III. Neither of the appellants, Wm. F. McGinniss or Strother McGinniss not being affected with notice of the partition suit, and it not having been a *lis pendens* as to him while he was acquiring his interests in the said lands, and neither he nor

his co-appellant being a party to the suit, they, appellants, are entitled in a collateral suit to the benefit of all proof, whether in the record or *dehors* the record, which goes to show that the judgment of March 29th, 1870, was erroneous and void or fraudulent; and this is true, especially in a case like this, where the title of one party recites the judgment and record that is attacked. An erroneous or fraudulent judgment may be avoided by proof. (Freem. Judgm., § 337, p. 297; § 336, p. 297; Vose vs. Morton, 4 Cush., 27; Leonard vs. Bryant, 11 Metc., 370; Downs vs. Fuller, 2 Metc., 135; Griswold vs. Stewart, 4 Cow., 457.)

IV. The judgment in the case of Chapman vs. Rupe was void, for the reason that it was rendered on the last day in which defendant was notified to appear, (3rd day of term,) and was, besides, rendered at the first term after the suit was brought.

*J. E. Lincoln*, for Appellants.

I. A suit pending is not notice to a purchaser so as to affect his interest, until the writ is served after the petition is filed. (44 Mo., 444; 40 Mo., 572; 27 Mo., 560; 38 Mo., 525; 2d Sudg. Vend., 393.)

*J. E. Merryman*, for Respondents.

I. The appellants were purchasers, *pendente lite* they having bought out the interest of some of the heirs of Rupe after the petition for partition was filed, and after the parties had made their personal appearance in court, and consented to a decree for partition of the land. Therefore in this suit, being a collateral proceeding, the appellants are estopped from attacking the judgment in the partition suit. The Circuit Court had jurisdiction in the partition case, both of the property and the parties, and appellant purchased subject to the judgment rendered.              \

II. It is admitted that the proceedings in the partition suit were irregular in some respects, but irregularities do not render the proceedings void. The judgment was *good as*

to all the parties before the court, though not binding on those not before the court. If an appeal had been taken, then the judgment would have been reversed as to all the parties, but until reversed it was good as to all the parties before the court. (7 Mo., 463 ; Ror. Sales, § 339.)

NAPTON, Judge, delivered the opinion of the court.

This was an ejectment to recover 180 acres of land in Clay County. The case was tried by the court, and the plaintiffs recovered 8–9 of the land.

The land in dispute belonged to the estate of Wm. Rupe, deceased. There were nine heirs of said Rupe, to-wit: four sons, Andrew, Richard, David and Harvey, and five daughters, Mrs. Malott, Mrs. Carroll, Mrs. Hayden, Mrs. Ish and Mrs. Willoughby, the last of whom died before her father, leaving two children, who represented her portion of the land.

The plaintiffs claim indirectly through a judgment in partition of the estate among the heirs, and a sale under this judgment, and a deed from the sheriff. The defendants claim 6–9 of the title, by virtue of a deed executed by the parties holding an interest to this extent, after the commencement of the suit in partition, and before the judgment and sale and deed by the sheriff.

It seems that one Chapman sued Harvey Rupe, one of the heirs, in attachment and obtained a judgment, and purchased his interest in the estate of his father under execution, and obtained a deed, by which he became the owner of said Harvey Rupe's interest in the land; and on the 26th Feb. 1869, said Chapman and Andrew J. Rupe instituted in the Circuit Court of Clay Co., a proceeding for partition.

This suit is entitled "Andrew J. Rupe and Andrew L. Chapman, plaintiffs vs. Susan E. Malott and Hiram Malott, her husband, Mary M. Ish and John Ish, her husband, Zelpha A. Carroll and James J. Carroll her husband, Delilah Jane Hayden and Elijah Hayden, her husband, James J. Willoughby and Sarah E. Willoughby, defendants."

From this title of the case it appears, that only the female representatives of Rupe or their descendants were made parties defendants; but the petition explains that the plaintiff, Andrew J. owned 2–9, his own share, and that of his brother, David, and the Willoughby's 2–9, although the evidence shows that this is a mistake, and the interest of Richard is entirely omitted.

As the deed to McGinniss, defendant, from Andrew J. Rupe and Mrs. Malott, and Mrs. Ish, and Mrs. Carroll and Mrs. Hayden, was dated 17th April, 1869, it will be necessary to notice the various steps taken in the partition suit, from which proceeding and judgment plaintiffs derive their title.

The suit in partition was begun 26th Feb., 1869. On March 1st, an order of publication was made in vacation against Susan E. and Hiram Malott, non-residents, notifying them to appear to the April Term of the Clay Circuit Court, 1869, which term commenced Apl. 28th, 1869. By reason of a change of the term in this Circuit, the summons, dated March 2, was made returnable to the April Term, 1869; and on the summons the sheriff returned service on the Carrolls on 17th Aug., 1869, on the Haydens on 8th June, 1869, on the Willoughbys, on 31st Aug. 1869, and the Malotts and Ishs not found. This return was made Aug. 31st, 1869.

On the 17th March 1869, the record of the Circuit Court contains this entry " Andrew J. Rupe and Andrew L. Chapman vs. Susan E. Malott, etc.: Now at this day come the parties aforesaid by their attorneys and on motion, Susan E. Malott and Hiram Malott, her husband, two of the defendants are made parties plaintiff in this cause."

And on the same day is this entry: " Andrew J. Rupe, Andrew L. Chapman, Susan E. Malott and Hiram Malott, her husband, against Mary M. Ish and John Ish, her husband. Zelpha A. Carroll, etc. Now at this day come the parties aforesaid, by their attorneys, and consent that partition of the lands mentioned in plaintiff's petition be made, in conformity with the prayer thereof, which said real estate is thus described

(here follows the description) and the court finds the rights of the parties in interest in said real estate to be as follows, viz: that Andrew J. Rupe is entitled to two undivided ninths of said land; that Andrew L. Chapman, Susan E. Malott, Hiram Malott, her husband, in right of Susan E., Mary M. Ish and John Ish her husband, in right of said Mary M., Zelpha A. Carroll, James J. Carroll, her husband, in right of said Zelpha A., Delilah Jane Hayden and Elijah Hayden, her husband, in right of said Delilah Jane and James J. Willoughby are each entitled to one undivided ninth," and the court appoints commissioners to make the division accordingly.

It will be observed that only 8–9 are disposed of in this decree, and that nothing is said of the remaining 1–9.

The next entry on the record of the partition suit is dated September 29th, 1869, and the original title of the case is resumed, to-wit: Andrew J. Rupe and Andrew L. Chapman vs. Susan E. Malott, etc. It then appears that the plaintiffs come into court and prove, to the satisfaction of the court, that Susan E. Malott and Hiram Malott, and Mary Ish and John Ish are non-residents of this State; and, thereupon, an order of publication is made in the usual form, requiring said defendants, non-resident, to appear at the next regular term of the court, at Liberty, on the 3rd Monday of March next, 1870.

And in the record of said March Term, 1870, and on the 25th of March, proof of this publication was made; and on the 26th March, 1870, appears the following order, in the case still entitled "Rupe & Chapman vs. Malott." Now at this day comes Rachael A. Rupe, widow of Richard R., and files her petition, asking to be made a party defendant, together with her two children, William C. and Francis M., minors. Whereupon Henry Smith is appointed guardian *ad litem* for said minors, and the said widow and said Smith, guardian as above stated, filed their answer to the petition, at the same term, although it is not stated on what day. It does not appear that any summons issued to the minors. This answer asserts that Richard Rupe died, seized of one-ninth interest

in said land, and prays for an allotment of such share to the widow and children of said Richard.

The final judgment in the case appears on the record, as made March 29th, 1870. This judgment, with the title of the case, is thus: "Andrew J. Rupe and Andrew L. Chapman against Susan E. Malott and Hiram Malott, her husband, Mary M. Ish and John Ish, her husband, Zelpha A. Carroll and James J. Carroll, her husband, Delilah Jane Hayden and Elijah Hayden, her husband, Sarah E. Willoughby and James J. Willoughby, her husband, (*sic*) Rachael A. Rupe, William Corum Rupe and Frances Marion Rupe."

"And now come the parties, plaintiffs and defendants, and the cause coming on to be heard on the petition, answer and, evidence, and the court being sufficiently advised, etc., finds that the above named parties, plaintiffs and defendants, are the owners in fee simple of, and the only persons having any interest in, the following described real estate," (here follows a description of the land).

"And the court further finds, that Andrew L. Chapman, Susan E. Malott, wife of Hiram M.; Mary M. Ish, wife of John Ish, Zelpha A Carroll, wife of James J. Carroll, Delilah J. Hayden, wife of Elijah H., Sarah E. Willoughby, wife of James J. Willoughby, are each of them entitled to one-ninth part of said real estate, and that Andrew J. Rupe is entitled to two-ninths, and that Rachael A. Rupe, William C. and Frances M. Rupe are each entitled to one twenty-seventh part.

"And the court further finds, that from the nature and amount of said real estate, and from the number of owners, partition thereof in kind cannot be made among the owners."

"The court therefore decrees, adjudges and orders that the real estate be sold by the sheriff, during some day of the next term of this court, such sale to be made under the regulations prescribed by law, and the proceeds arising from such sale are ordered to be divided among the parties according to their respective interests, as herein above decreed, and the sheriff is further ordered to make report of his proceedings herein at the next term of this court and this cause is continued."

And the record proceeds to show that in September and December, 1870, the sheriff reported the sale under which plaintiffs claim and it was approved by the court. Bailey and Chapman were the purchasers at $500, and Chapman afterwards sold to the co-plaintiff.

The record of the suit of Chapman vs. Harvey Rupe was also offered in evidence, but it is not material in this action. Chapman's title to his interest is clear and his transfer of this to the plaintiff Woods.

The deed under which defendants claim was offered in evidence, but excluded. This deed is dated April 13th, 1869. This deed is from Andrew J. Rupe, James J. Carroll and his wife, Elijah Hayden and his wife, John Ish and his wife, and Hiram Malott and his wife, and purports to convey to Mc-Ginniss for $2,640, the land in controversy. It conveys 5-9 of the land, or 6-9, if Andrew J. Rupe owned 2-9, and so it purports to convey 2-3 or 6-9. This deed was properly acknowledged by all the parties to it, and all the acknowledgments were taken in Clay County, except that of Ish and wife, which were taken in Jackson. This deed was filed for record on April 19, 1869.

It was proved that the plaintiff, Woods, was attorney for plaintiff in the attachment suit and in the suit for partition, and that the plaintiff, Bailey, was clerk of the Circuit Court of Clay Co., during all the proceedings.

The defendants offered proof to show that David Rupe's interest was conveyed to Andrew J. Rupe, but the evidence was excluded on the general ground that Andrew J. Rupe's interest was determined by the judgment in partition.

The defendants also proposed to show that Richard A. Rupe's interest had been duly passed to Wm. Hayden, before the deed to defendant of April 13, 1869. This was excluded on the same general ground that this deed was made *pendente lite*.

The defendants then offered a deed from the Curator of James J. Willoughby, and Sarah E. Willoughby minors, dated Nov. 2, 1869. It does not appear what disposition was made
24—VOL. LVII.

of this offer; but as the title derived from it was disregarded, it may be assumed to have been rejected.

The following declarations of law were asked by defendants and were refused on the trial.

1st. That under the deed of Andrew J. Rupe, John H. Ish and Mary Ish, James J. Carroll and Zelpha A. Carroll, Hiram Malott and Susan Malott, Elijah Hayden and Delilah Hayden, dated the 13th April, 1869, all the interest they own in the land in controversy was conveyed to defendant, and that so far as the interest of the above named parties in the said lands is concerned, thus conveyed to defendant, it did not pass to plaintiffs under the sheriff's deed read in evidence, to Bailey & Chapman and by Chapman to Wood.

2nd. That under the deed of Chrisman, Curator of the estate of James J. and Sarah E. Willoughby, their interest of one undivided ninth of the land in controversy, was conveyed to the defendant, and the interest thus conveyed of the said James J. and Sarah E. Willoughby, did not pass under the sheriff's deed to Bailey & Chapman and from Chapman to Wood.

3rd. That the judgment of partition on which the sale was made, and the sheriff's deed executed, were void.

4th. That if, by any order of the court at the March Term, 1869, Susan Malott and her husband were made parties plaintiffs, and at the same time a judgment of partition was made by the court, by consent of the parties, or their attorneys, and commissioners were appointed to divide the land, the court, at a subsequent term, had no power to make an order for the sale of said lands, without a report from the commissioners, that the land could not be divided without great prejudice to the owners; and, as no such report is shown to have been made, the judgment of the court on the 29th of March, 1870, under which said land was sold, is void, and the sheriff's deed to Bailey & Chapman conveys no title.

5th. That Wm. C. Rupe and Frances Marion Rupe, minors, having by an order of the court, made the 26th March, 1870, been made parties to the partition suit, and having no legal

notice of the proceedings, the judgment of partition made by the court of the 29th day of March, 1870, was illegal and void, the answer of the guardian *ad litem* showing that it was filed on the 25th day of March, 1870, when the order of the court made the infants parties on the 26th, the day after the answer was filed.

6th. That under the deeds and records read in this case, plaintiffs are not entitled to recover.

The court found that the plaintiffs were entitled to 8–9 of the land described in the petition; and a judgment was given for the possession of 8–9 of said lands. The usual exceptions were taken and the usual motions for a new trial and in arrest were made.

It will be seen from this statement, that the controlling point in it depends upon the relative value of a sheriff's deed made on a sale under a judgment in partition, and a previous deed by various parties to this proceeding in partition.

The deed under which defendants claim was made in April, 1869; and it is insisted that when this deed was made, the proceeding in partition was *lis pendens*, and so the court below decided and excluded all evidence to show this title.

It is clear that the doctrine of *lis pendens* only applies when parties to a suit have been notified of it. There is no *lis pendens* as to strangers until process is served, or there is a voluntary appearance of the parties to it. (Herrington vs. Herrington, 27 Mo., 562; Murray vs. Ballou, 1 Johns. Ch., 576; Metcalf vs. Smith's Heirs, 40 Mo., 572 and cases cited.)

It is necessary, therefore, to examine the record of the partition suit, through which the plaintiffs claim, in order to ascertain how the grantors in the deed to defendant of 17th April, 1869, stood in regard to that proceeding.

The grantors in that deed were Andrew J. Rupe, Malott and wife, Ish and wife, Carroll and wife, Hayden and wife.

So far as Andrew J. Rupe is concerned, he was a plaintiff in the case; and, of course, his deed was made *pendente lite*.

The service of the writ was not made on the Carrolls till 17th August, 1869; on the Haydens on 9th June, 1869; on

the Willoughbys on the 31st August, 1869. The Malotts and Ishs were not served. So that, so far as the writs were concerned, neither the Haydens or Carrolls or Malotts or Ishs were affected by *lis pendens.*

The interest of the Willoughbys was bought in November, 1869, subsequent to service on them; but the Willoughbys being minors, the conveyance to defendant was from their curator.

But the record of the proceeding on the 17th of March, 1869, shows that the Malotts were made parties plaintiff; and on that day an interlocutory judgment is entered, which is said to be by consent. It is evident, however, from the subsequent portions of the record, that these entries were mistakes; at all events they were utterly disregarded by the court and all the parties to the proceedings. We consider the judgment of March, 17th, 1869, as a nullity, if any such was rendered. Nothing was done under it; and the case proceeded as though no such judgment had been rendered. The title of the case, subsequent to the entry of this date, in which it is said that Malott and wife appeared as parties plaintiff, is still retained as it was at the first, in which the only plaintiffs were Andrew J. Rupe and A. L. Chapman; and an order of publication was obtained by the plaintiffs at the September Term, 1869, six months after the entry that they appeared as parties plaintiff. We must take the whole record together and the publication in September, and the subsequent proof of it in March, 1870, and the subsequent judgment at this March Term of the court, show most clearly that the first judgment was treated by the court as a nullity. No report from the commissioners appointed in March, 1869, appears to have been made. If the Malotts were parties plaintiffs and consented to the judgment of March, 17th, 1869, if judgment it can be called, why procure an order of publication against them at the ensuing September Term, and establish such publication by proof, at the March Term, 1870? If the judgment made March 17th, 1869, was really a judgment *quod partitio fiat,* why proceed a year afterwards to make another judg-

ment, in which (as the statute authorizes) the court dispensed with the appointment of commissioners, and under the 59th section of the Partition Law, found that from the nature and amount of the property sought to be divided, and the number of owners, no partition in kind was practicable, and therefore decreed a sale?

The only judgment in the case, and the one under which plaintiffs bought, was the final judgment at the March Term, 1870.

The entry then of the appearance of the Malotts in March, 1869, and of their consent to a judgment of partition must be disregarded as totally inconsistent with every other part of the record.

The title of McGinniss, the defendant, from the Malotts and Ishs, and Carrolls, and Haydens was unaffected by the doctrine of *lis pendens ;* and if Mrs. Hayden was the owner of the share of Richard Rupe, as was offered to be proved, the deed of April 17th, 1869, conveyed at least 5–9 of the title.

It seems strange that Andrew J. Rupe should have joined in this conveyance, if his name as party plaintiff in the partition suit was used with his consent. There must have been some mistake or fraud in the one proceeding or the other, but this question does not arise in the present action of ejectment.

There appears to be some confusion in the partition record in regard to the interest of the Willoughbys. At one time they are represented as husband and wife ; at another as minor children of a daughter of Wm. Rupe. There is no appointment of a guardian *ad litem ;* and there is no appearance of the infants (if in fact they were minors) by their guardian or curator. The deed from the curator of their estate to the defendant McGinniss, which was offered in evidence but excluded, was executed in November, 1869 ; and from this it may be inferred that where the entries are made concerning a husband and wife, such entries are erroneous. But as the infants could not appear by attorney, the judgment did not affect their interest ; and the title of McGinniss to their share would seem to be valid. Of course the judgment did not, for the

---

same reason, affect the interest of Richard Rupe's children, who were not served with process.

But although a judgment may be set aside for irregularities of this kind, in a direct proceeding, it does not follow that it is void collaterally. So far as the parties to it were concerned, it was valid; and the cases of Rush vs. Rush, (19 Mo., 441) and others of that kind cited in the brief, in regard to the entirety of a judgment, are not applicable.

So in regard to the judgment in Chapman vs. Rupe, and in Rupe & Chapman vs. Malott, &c., it may have been error for the court to have entered judgment at the first term, or the term at which the non-residents were notified to appear; but as the court had acquired jurisdiction of the parties, the judgment cannot be treated as a nullity.

The judgment must be reversed and the case remanded. The other judges concur, Judge Sherwood absent.