CITIZENS' BANK, Respondent, v. A. J. BOOZE, Appellant.

Kansas City Court of Appeals, May 2, 1898.

1. **Bills and Notes:** PLACE OF PAYMENT: INTEREST. A paper set out in the opinion is agreed as drawing interest from maturity, and it is *held* that in order to stop the running of interest thereon the payor should without demand have placed funds at the place of payment.

2. ———: BANKS AND BANKING: PRINCIPAL AND SURETY: APPLICATION OF DEPOSIT ON NOTE. The surety is not released by the payee bank failing to apply his principal's deposit to the payment of the note at its maturity; and the doctrine of releasing securities has no application in this kind of a case.

*Appeal from the Gentry Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

SALLEE & GOODMAN and ED. E. ALESHIRE for appellant.

(1) In this case the interest is in the nature of a penalty for noncompliance with the terms of the con-

tract by defendants, but before the plaintiffs can take advantage of the provisions of the contract and claim a penalty, they must show that they are absolutely without fault. The provision for the presentment and demand at the Cainsville bank is just as absolute as the provision for the payment of interest in case of default, and it does not consist with equity for the plaintiffs to insist on the one without their having exactly complied with the other. In this case there was no demand for the payment of the note at Cainsville bank or any other place, and under these circumstances the note only bore interest from the time the suit was brought. Butler v. Austin, 64 Cal. 3; Whitaker v. Pope, 2 Woods (U. S.), 341; Beardsly v. Webber, 62 N. W. Rep. 173. The cases of Skinker v. Butler Co., 112 Mo. 332, and Mayhan v. Walters, 60 Mo. 167, do not in the least militate against our contention. (2) When a creditor has within his control the means of paying the debt out of the property of the debtor properly applicable to the purpose, and does not use the opportunity but gives up the property, the surety is discharged. Morse on Banks, sec. 562, and cases cited; Pursifull v. Banking Co., 30 S. W. Rep. (Ky.) 203; Morse on Banks and Banking [3 Ed.], secs. 562, 563.

McCULLOUGH, PEERY & LYONS and PATTON & SHOEMAKER for respondents.

(1) It is not pretended that the makers had the money at the place named to pay it at maturity. If a defendant wishes to rely upon a want of demand in reduction of interest or damages, he must plead it in his answer and tender the amount he claims to be due. R. S. 1889, sec. 2948; Fields v. Baum, 35 Mo. App. 511. (2) It is a settled rule that if a note be payable

at a place named, interest runs on it, without demand at that place, unless the maker had funds there for its payment on the day when it became due, and kept them there. Mahan v. Waters, 60 Mo. 167; Baltzer v. R. R., 3 Mo. App. 574; 3 Randolph Com. Pap., sec. 1119; Cox v. Bank, 100 U. S. 714; Hills v. Place, 48 N. Y. 520; Skinker v. Butler Co., 112 Mo. 332; Emlen v. Coal Co., 47 Pa. St. 76; R. R. v. Adams, 54 Pa. St. 94; Wallace v. McConnell, 13 Pet. 136; Robinson v. Lair, 31 Iowa, 9. (3) A bank is not required to apply the general deposit of the principal to the payment of the note, and its failure to do so will not discharge a surety. Bank v. Carson, 32 Mo. 191; Bank v. Hill, 76 Ind. 233; Bank v. Smith, 66 N. Y. 271; Voss v. Bank, 83 Ill. 599; Glazier v. Douglass, 32 Conn. 393; Bank v. Peck, 127 Mass. 298; Flourney v. Bank, 79 Ga. 810; Grisson v. Bank, 87 Tenn. 350; Bank v. Patton, 109 Ill. 479; Bank v. Acoam, 125 Ind. 584; Strong v. Foster, 17 C. B. (Eng.) 217; 3 Randolph Com. Pap., sec. 1393. (4) No authority holds that a bank is required to apply subsequent deposits to the payment of the note. All the cases asserting the doctrine of the duty of the bank to apply deposits to the payment of paper of the customer concede that it has no application to any deposit except that in the bank on the date of the maturity of the note. Bank v. Legrand, 103 Pa. St. 126; Bank v. Henninger, 105 Pa. St. 503; Pursifull v. Banking Co., 97 Ky. 154. (5) A surety is not released unless the creditor releases a specific lien against the property of the principal. Mere neglect or passiveness will not affect his rights against the surety in the absence of notice under the statute to sue. Inactivity, or failure of the creditor to exert himself to collect will not discharge the surety. Ins. Co. v. Landis, 50 Mo. App. 116; English v. Seibert, 49 Mo. App. 563; Barnes v.

Mowery, 129 Ind. 568. (6) The relation between a bank and its depositor is that of debtor and creditor. The bank has no specific lien upon the deposits of its customers. It has simply a right of set-off as to past due paper held by it. Bank v. Peck, 127 Mass. 298; Bank v. Hill, 76 Ind. 223; Glazier v. Douglas, 32 Conn. 393; Clark v. Sickler, 64 N. Y. 231; Bank v. Lilliard, 55 Mo. App. 675.

ELLISON, J.—This action is based on the following paper transferred to plaintiffs who are a banking company. For convenience we shall designate the paper a note:

"$441.25        LAMONI, IOWA, May 15, 1890.

"Twelve months after date, for value received, we promise to pay to the order of D. S. Booze, four hundred and forty and 25-100 dollars, without interest if paid when due; payable at the Cainsville Bank, Mo.; and it is expressly agreed that in case default is made in payment, it shall draw ten per cent interest from date, and reasonable attorney's fees shall be allowed and made a part of the judgment, and that any justice of the peace may have jurisdiction thereon.

"D. F. McLAIN.
"A. J. BOOZE."

It was in this court on a former occasion, 65 Mo. App. 555. Defendant Booze is surety for the other defendant, the maker. Plaintiffs recovered principal and interest in the trial court from date of note.

The surety defendant contends that plaintiffs were entitled to interest only from the time the suit was instituted and not from date of the note. The contention is based on the terms of the note itself connected with the fact that plaintiffs did not demand payment at the place of payment mentioned in the note. The idea advanced by

BILLS and notes: place of payment: interest.

defendant is that the interest called for in this note was in the nature of a penalty and that plaintiffs were not entitled to enforce it without first having put themselves in position to receive the money at the time and place designated for payment. We feel constrained to treat the contract evidenced by this paper as though interest was to run from date, or from maturity. A note, in the respect here considered, in effect worded like this one, was held to be a regular negotiable promissory note. Hope v. Barker, 43 Mo. App. 632; s. c., 112 Mo. 338. Contrary views are held in Lamb v. Story, 45 Mich. 488; s. c., 52 Mich. 525; Chouteau v. Allen, 70 Mo. 339, and 1 Daniel, Neg. Inst., sec. 45a. But we must, of course, accept the later announcement of the Missouri courts. Treating the instrument in question as an ordinary promise to pay at a specified place, the case becomes free of difficulty, for the rule is well settled that in order to stop the running of interest on an obligation payable at a particular place the payor should have had the fund at that place with which to pay it, and that without demand. Mahan v. Waters, 60 Mo. 167; Skinker v. Butler Co., 112 Mo. 332; 3 Randolph, Com. Paper, sec. 1119.

2. The second branch of the defense involves the question, whether when a bank holds a note executed by a principal and surety, has money of the principal on deposit at the maturity of the note and fails to apply it in payment of the note, will discharge the surety entirely if the deposit was sufficient to pay all the note, or *pro tanto*, if not sufficient. The question has not met with uniform answers by the courts. There are, however, two general propositions conceded by all, viz: that by the deposit, the bank merely becomes the debtor of the depositor. And that it is the duty of a

——: banks and banking: principal and surety: application of deposit on note.

VOL. 75 app—13

creditor not to release any securities he may hold against the principal debtor, and if he does he will discharge the surety to the amount of the security released.

Our conclusion is that the mere failure of a bank to apply in payment of its depositor's note the amount of the deposit at its maturity will not affect the liability of the surety. This was decided in Bank v. Carson, 32 Mo. 191. But since that case merely asserts the rule in a sentence, without discussion or citation of authorities, and since counsel have made arguments at length, we have concluded to examine into the question as though an original one in this state, though, of course, bound by that case even if our conclusion had differed from it. The failure of the bank to apply the deposit can not relieve the surety unless it is a duty which the bank, as creditor, owes to the surety. And we know of no proper course of reasoning whereby it may be shown to be the bank's duty. Generally, the creditor owes no active duty to the surety. He may stand by and see the principal make way with his property and go into a state of utter insolvency and he need not sue (unless compelled by proceedings in equity or notified by the surety under the provisions of the statute). Bank v. Hill, 76 Ind. 223. He may obtain judgment against the principal and his not enforcing it, though he could, will not discharge the surety. Ins. Co. v. Landis, 50 Mo. App. 116. There is no doubt that the creditor may, if he choose, apply what he owes the principal on what the principal owes him; and so a bank could apply the deposit of the principal to discharge of the principal's indebtedness to it. But it is not what the bank could do, but rather what is its bounden duty to the surety to do. That no such duty exists is held by Bank v. Hill, *supra;* Bank v. Smith, 66 N. Y. 271; Voss v. Bank, 83 Ill. 599; Glazier v.

Douglas, 32 Conn. 393; Flourney v. Bank, 79 Ga. 810; Strong v. Foster, 17 C. B. 201; Bank v. Peck, 127 Mass. 298. In the latter case the principle is so well stated by Mr. Justice Gray that we insert a quotation as embodying our views. After having stated the question in different phases he said:

"The general rule accordingly is, that where moneys drawn out and moneys paid in, or other debts and credits, are entered, by the consent of both parties, in the general banking account of a depositor, a balance may be considered as struck at the date of each payment or entry on either side of the account; but where by express agreement, or by a course of dealing, between the depositor and the banker, a certain note or bond of the depositor is not included in the general account, any balance due from the banker to the depositor is not to be applied in satisfaction of that note or bond, even for the benefit of a surety thereon, except at the election of the banker." When there are mutual accounts between parties the rule as to adjusting balances may well apply, and as said in the quotation just made a balance may be considered struck in favor of either party at the time of each payment to or from either party. "Between two persons mutually indebted, the balance is the debt." Bank v. Hughes, 17 Wend. 101; Clayton's case, 1 Meriv. 604; 2 B. & Ald. 39. And therefore if the bank charges the note in the depositor's account, then when the deposits of the depositor make the balance in his favor it would, *ipso facto*, be a payment of the note to the extent of the balance and the surety would, of course, be discharged to the extent of the payment. But if the note is not charged against the depositor in his account it is not a debit against which any credit of his in such account could apply.

A contrary rule has been asserted, notably in Bank v. Henninger, 105 Pa. St. 496, without noting a distinction where the note had been charged in the account. But it seems to us the reasons which underlie the question are with the view we have taken. A creditor, of course, can not release any specific security but the reason is, it is considered to be for the surety's benefit and the surety by paying the debt may be subrogated to the rights of the creditor in the security. But it is conceded that a bank deposit is the property of the bank and it merely makes the bank the debtor of the depositor. The surety has no claim upon it, or interest in it. It not being connected with the debt which the surety owes, those holding to the rule that the surety is discharged, are driven to the position that a creditor must assert himself in behalf of the surety and apply to the surety's debt any set-off he may have against the principal. "That doctrine," as stated by Willes, J., in Strong v. Foster, 17 C. B. 222, "would lead to singular results. These securities are often given to increase credits of bankers to their customers. If the liability of the maker were to depend upon the state of the customer's account at any one moment, he might never undergo the liability contemplated at all. The security is given without any reference to the other side of the account. This is the first time, I believe, that it has ever been suggested that, when a note given under circumstances like these falls due, and there is a balance in favor of the customer at the time, that balance must of necessity be applied to the discharge of the note."

The defendant having failed to maintain the points of objection to the judgment it is affirmed. All concur.