## EMILIE K. SAUSSENTHALER, Respondent, v. FEDERAL UNION SURETY COMPANY, Appellant.

St. Louis Court of Appeals, March 6, 1917.

1. **TENDER: Sufficiency: Conditional Tender.** An offer by the surety on an appeal bond, to pay the judgment, after it had been affirmed, provided it was assigned to him, was not a valid tender, since a tender, to be valid, must be unqualified and unconditional.

2. **SUBROGATION: Surety on Appeal Bond.** The obligation of a surety on an appeal bond, on affirmance of the judgment, is to pay and satisfy the judgment, and upon making such payment, *ipso facto* he becomes, in equity, subrogated to the rights, liens and priorities of the judgment creditor against the principal; no formal transfer or assignment of the judgment being necessary.

3. **PRINCIPAL AND SURETY: Appeal Bond: Inaction of Judgment Creditor: Effect on Surety.** Mere inaction of a judgment creditor or his assignee to assert or keep alive the judgment lien, by execution or other proceedings, will not discharge the surety on the appeal bond, nor will his failure to prove his debt against the principal, who had been adjudged a bankrupt, have that effect.

Appeal from the St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

AFFIRMED.

*Arthur G. Moseley* for appellant.

(1) If a lien be lost by reason of the operation of law, although with the knowledge of the creditor and without his co-operation in any way, he must, nevertheless, be deemed responsible for the resulting damage to the surety. Miller v. Dyer, 1 Duv. (Ky.) 263; Lumsden v. Leonard, 55 Ga. 574; Fleming v. Odum, 59 Ga. 367; Wright v. Knepper, 1 Barr. (Pa.) 361; Johnson v. Young, 20 W. Va.; Shutts v. Fengar, 100 N. Y. 539; Newcombe v. Raynor, 21 Wendall 128; Pingrey on Suretyship and Guaranty, (2 Ed.), sec. 95; Pfirshing v. Peterson, 98 Ill. App. 70; Hendry v. Evans, 120 Ia. 310; Mt. Sterling Imp. Co. v. Cockrell, 24 Ky.; Pierce v. Atwood, 64 Neb., 92; Hutchinson v. Woodwell, 107 Pa. St. 509; Bennett v. Taylor, 43 Tex. Civ. App. 30; First National Bank v. Kittle (W. Va., 1911), 71 S. E. 109; Pauly Jail Bldg. & Mfg. Co. v. Collins, 138 Wis. 494; Jackson v. Benson, 54 Ia. 654; Waughop v. Bartlett, 165 Ill. 124; Maquoteta v. Willey, 35 Ia. 323; Sherraden v. Parker, 24 Ia. 28; Mt. Sterling Imp. Co. v. Cockrell, 24 Ky. Law Rep. 1151, 70 S. E. 842; Templeton v. Shakley, 107 Pa. St. 370; Crawford v. Gaulden, 33 Ga. 173; Robeson v. Roberts, 20 Ind. 155; Barret v. Bass, 105 Ga. 421; Ellis v. Conrad-Seipp Brewing Co., 207 Ill. 291. (2) It was the right of the defendant to demand and receive an assignment of the judgment upon satisfying the same. Berthold v. Berthold, 46 Mo. 562; Harper v. Rosenberger, 56 A. 388; Stearnes on the law of suretyship, page 470; Harper v. Kemble, 65 Mo. App. 514; Kratz v. Massiner, 110 Ill. 372; Bones v. Akin, 35 Ia. 534; Kimmel v. Lowe, 28 Minn. 265; Bonnee v. Schnecko, 100 Mo. 250; Eno v. Crooke, 100 N. Y. 60.

*Rassieur, Kammerer & Rassieur* for respondent.

(1) Upon the affirmance of the judgment by the Court of Appeals, the liability of the surety on the appeal bond became fixed, and its obligation to pay and satisfy the judgment was absolute and unconditional. 32 Cyc. 91; 2 Cyc. 942; Stearns on Suretyship (2 Ed.),

sec. 187. (a) The judgment creditor was not required to first proceed on the judgment against the principal in the bond. English v. Seibert, 49 Mo. App. 563, 588; Phoenix Mut. Life. Ins. Co. v. Landis, 50 Mo. App. 116, 118; Citizens' Bank v. Booze, 75 Mo. App. 189, 194. (b) Nor was she required to demand payment of the principal before suing on the bond. 2 Cyc. 942; Stearns on Suretyship (2 Ed.), sec. 187. (c) Nor was she required to issue execution on the judgment, or to do anything to preserve the lien of the judgment on the debtor's property. Phoenix Mut. Life Ins. Co. v. Landis, 50 Mo. App. 116, 118; Citizens' Bank v. Booze, 75 Mo. App. 189, 194; Taylor v. Beck, 13 Ill. 376; Morrison v. Bank, 65 N. H. 253, 280. (d) Nor was she required to have the judgmet debt allowed against the estate of the principal, in bankruptcy. 1 Brandt, Suretyship & Guaranty (3 Ed.), sec. 508; Schott v. Youree, 142 Ill. 233, 247; Dye v. Dye, 21 Ohio St. 86, 93; Richards, v. Com., 40 Pa. 146, 150; Wilson v. White, 82 Ark. 407, 412. (2) The obligation of the surety was to pay and satisfy the judgment, and this obligation was not satisfied by a conditional offer to pay the amount due, provided a formal assignment of the judgment was made to it. Forest Oil Co.'s Appeal, 118 Pa. 138. A tender, to be valid, must be unqualified and unconditional. 38 Cyc. 152; Henderson v. Cass Co., 107 Mo. 50, 56; Kitchen v. Clark, 1 Mo. App. 430, 435; Richardson v. Boston Chem. Lab., 9 Met. 42, 52; Sanford v. Bulkley, 30 Conn. 344, 349.

BECKER, J.—This is an action at law on a statutory appeal bond executed by appellant as surety for William Ratican, principal in the bond. The respondent was plaintiff below and as assignee of the judgment against the said William Ratican et al., filed this suit against the surety, appellant here.

The case was heard without a jury, and upon the conclusion of the evidence in the case the trial court rendered judgment in favor of the respondent, for the penalty of the bond, to be satisfied upon the payment of

$1899.11, the amount found to be due on the judgment. From this judgment defendant appeals.

There was no controversy as to the facts in the case. It appears that on December 23, 1910, the Lowell Bank of St. Louis obtained judgment for $1563.25 on a promissory note against William Ratican, Gustav H. Oberbeck and John W. Oberbeck, in the circuit court, city of St. Louis. From this judgment Ratican alone prosecuted an appeal to the St. Louis Court of Appeals, and the bond sued on in this action was executed and filed pursuant to an order of the circuit court in connection with said appeal. This judgment was affirmed by the Court of Appeals on December 2, 1912.

Whilst the case was pending on appeal, the Lowell Bank assigned the judgment in question to Emilie K. Saussenthaler, plaintiff below, respondent here. Respondent, after the affirmance of the judgment by the appellate court, demanded payment thereof from appellant as surety on the appeal bond, and upon the latter's refusal to pay, instituted this suit in the circuit court.

It appears that the appellant, by way of defense, offered to prove that it had, on December, 21, 1912, made a tender to the respondent of the amount due on the judgment, providing an assignment of the judgment was made to the surety; that said tender and offer to pay and discharge the judgment was made while the judgment was still a lien in full force and effect against certain lands belonging to the said William Ratican, of the alleged value of some $60,000, and that said judgment lien continued and was in force and effect until the 27th day of February, 1913, when the same expired by limitation. The appllant also offered to prove that the respondent, on the 22nd day of January, 1913, notified appellant of her refusal to accept the tender as made; and appellant further offered to prove that the respondent negligently and carelessly permitted the said judgment lien to lapse and to become extinguished by limitation, and permitted the security thereof to be lost to said appellant. Appellant further offered to prove that said William Ratican was adjudicated a bankrupt in December,

1912, and that out of the bankrupt estate the creditors were paid approximately fifty per cent. of each allowed claim, and offered to prove that the respondent knew of the bankruptcy proceeding of said William Ratican but failed and refused to file any claim therein.

However, these several offers to prove were rejected by the court upon motions made by counsel for respondent, on the ground that they were immaterial and irrelevant to any issue in the case and did not constitute a defense to an action on the bond, for the reason that the liability of the surety was unconditional and could not be satisfied or discharged upon any conditions or facts stated in the offers to prove.

Appellant's case may be summed up in its contention that, having tendered respondent the full amount of the judgment, *provided respondent made an assignment of the judgment to appellant,* it had made a valid tender and was therefore entitled to the assignment of the judgment as demanded, and that respondent, by her refusal so to do, thereby made herself liable for whatever injury appellant sustained by reason of the loss of the lien upon the property of Ratican and the loss arising out of the failure to prove up the claim in the bankrupt estate of William Ratican.

We cannot hold that there was a valid tender in this case. A tender, to be valid, must be unqualified and unconditional. [Henderson v. Cass County, 107 Mo. 50, 18 S. W. 992; Kitchen v. Clark, 1 Mo. App. 430.] There was no offer of that kind. It is admitted that the offer to pay was conditional upon being given an assignment of the judgment. The obligation of the surety was to pay and satisfy the judgment, and *upon payment* the surety would thereby, in equity, have become subrogated to the right, liens and priorities of the judgment creditor against the principal. The "mere payment of the debt by the surety is considered to operate as an assignment of it to the party paying, with all the rights and liens which attached to it as incidents in the hands of the creditors. [Benne v. Schnecko, 100 Mo. 250, 13 S. W 82; Burrus v. Cook, 215, Mo. 496, l. c. 507, 114 S. W.

1065.] It naturally follows that no formal transfer or assignment is necessary.

We come next to the point raised by appellant that respondent did not act to protect the surety in endeavoring to collect the judgment from the principal or the principal's estate in bankruptcy, or to keep alive the judgment lien by execution or other proceedings. We cannot hold that the mere inaction of the judgment creditor in respect to these matters complained of releases or exonerates the surety. The quotations and authorities cited in appellant's brief, in support of its contention, are nowise in point, and several of them directly assert the opposite view. The principle has become well established that mere inaction or failure on the part of the creditor to exert himself to collect his judgment, or to keep alive the judgment lien by execution or other proceedings, will not discharge the surety. [English v. Seibert, 49 Mo. App. 563; Phoenix Nat. Life Ins. Co. v. Landis, 50 Mo. App. 116; Citizens Bank v. Booze, 75 Mo. App. 189.] And we hold that, inasmuch as the judgment creditor is not required to take any active measures to obtain payment, either directly from the principal or out of the property which he holds as security, he therefore needs not prove his debt against the principal in bankruptcy. [Morrison v. Bank, 65 N. H. 253.]

In view of what we have said, the action of the trial court was correct in sustaining plaintiff's objections to the proof offered by the defendant, and in sustaining plaintiff's motion to strike out the evidence which had been introduced by the defendant to the effect that defendant tendered to plaintiff the whole amount due upon plaintiff's judgment in payment of said judgment, provided plaintiff would make an assignment of the judgment to defendant.

The judgment of the trial court was correct and is affirmed. *Reynolds, P. J.*, and *Allen, J.*, concur.