**Wayne A. COLLINGSWORTH et al.,**
**Appellants,**

**v.**

**M. D. KING, III, Appellee.**

**No. 12806.**

Court of Civil Appeals of Texas.

San Antonio.

March 3, 1955.

Rehearing Denied March 30, 1955.

Greenwood & Russell, Harlingen, for appellant.

Kent, Brown & George, Harlingen, for appellee.

POPE, Justice.

This is an appeal from a judgment in favor of M. D. King, III, the holder of two vendor's lien notes, which were assumed and owed by Wayne A. Collingsworth. The judgment was for $24,173.74, which the court determined was the amount owing on notes Nos. Three and Four of a series of notes. Appellant Collingsworth asserts that when the notes were presented, he tendered the holder the correct amount of principal and interest owing on them, and that the trial court erred in charging him with interest and attorney's fees thereafter. The holder, under a misinterpretation of the notes, refused the tender on the grounds that it was insufficient and also because the tender was conditioned upon the assignment of the notes to a purchaser.

The dispute between the parties originated out of their interpretation of the notes. Note No. Three was executed January 1, 1949, and in part stated:

"$11,023.83   No. Three,
        Harlingen, Texas, January 1, 1949

"On September 1, 1951, after date I promise to pay to Thomas S. Wallace or order, the sum of Eleven Thousand Twenty-Three and 83/100......DOLLARS, with interest thereon from date until paid at the rate of five (5) per centum per annum, the interest payable each Sept. 1st as it accrues, both principal and interest payable at Harlingen, Texas, for value received. * * *

"All past due principal and interest on this Note shall bear interest at the rate of ten (10) per centum per annum after the annual maturity thereof.

"* * * and it is understood and agreed that failure to pay this Note, or any installment of interest hereon when due shall, at the election of the holder of all said notes, or of any one of them, mature all of the said Notes, * * *.

"And it is hereby specially agreed that if this Note is placed in the hands of an attorney for collection, or collected by suit, or in Probate or Bankruptcy proceedings I agree to pay ten

per cent. additional on the principal and interest then due thereon as attorney's fees."

Note No. Four was indentical, except that the principal was payable on September 1, 1952, and the principal had been reduced to $6,047.66.

By the terms of the notes, interest was payable on September 1, 1950, but the notes were not presented, and the interest was not paid. A short time before September 1, 1951, knowing the principal on Note No. Three would mature, Collingsworth sought to locate King, the holder. He called Thomas S. Wallace in Boerne, Texas, who had formerly assigned the notes to King. Collingsworth was informed that King held the notes, but was not then in Pacific Grove, California. King did nothing to locate Collingsworth and made no presentment of the notes at Harlingen where the notes were payable. Six days after maturity, King's attorney in Monterey, California, by letter to Collingsworth in Texas, mistakenly claimed that the notes automatically accelerated as of September 1, 1950, for non-payment of interest. The notes only provided for an elective acceleration. The letter also demanded 10% interest on the principal after September 1, 1950. The note called for 10% interest on the delinquent interest, but not on the principal, which was not due until a year later, and for that reason the letter was also in error.

The debtor then wrote the holder's attorney and advised that the notes were payable at Harlingen and asked the holder to forward the notes, with a draft attached. The debtor's attorney also wrote to the same effect and sent the holder an assignment in blank, with the request that he execute it and return it with the draft.

No presentment of the notes was made until November 3, 1951, at which time the Harlingen State Bank, acting as collecting agent for King, according to its instructions, demanded a total of $22,023.47. That demand was excessive in that it included 10% interest on principal from September 1, 1950, to September 1, 1951, and also because it included 10% attorney's fees at the time the presentment was first made. Collingsworth, acting through Stone Hargrove, offered $19,086.51 in full payment of the principal and interest on both notes, but upon condition that the notes be assigned to Hargrove. From the standpoint of amount, the tender was good. By reason of a mathematical error, the amount was lacking in the amount of $52.07. The tender was refused, but not by reason of the small shortage, and the record shows that the debtor was willing, able, and offered to pay the correct amount computed on a correct interpretation of the notes. The tender was not refused because of the small shortage. See Kullman v. Greenebaum, 92 Cal. 403, 28 P. 674; 27 Am.St.Rep. 150; Agostini v. Colonial Trust Co., Del.Ch., 39 A.2d 406; Note 44 A.L.R. 189.

November 3, 1951, was the first time any presentment of the notes was properly made. A debtor who refuses to pay an excessive charge, but who, upon presentment, tenders a correct amount is not chargeable with attorney's fees. Griffith v. Griffith, Tex.Civ.App., 252 S.W. 2d 517; Bayless v. Strahan, Tex.Civ.App., 182 S.W.2d 262; Urbish v. Rutledge, Tex. Civ.App., 299 S.W. 921; O'Connor v. Kirby Inv. Co., Tex.Civ.App., 262 S.W. 554; Hostutler v. Alldredge, Tex.Civ.App., 235 S.W. 953.

The tender, however, was a conditional tender rather than an unqualified one. The parties by agreement withdrew the case from the jury after settling the facts by stipulation. In our opinion, under the stipulation, the correct amount of money was tendered. However, the stipulation stated further that the offer "was coupled with a condition embodying a requirement of assignment of the notes and liens involved." King, the holder, at no time gave up his contention that the tender was conditioned upon his giving an assignment to Stone Hargrove. The record shows that Hargrove was furnishing financial assistance to the debtor. Both

Collingsworth's and Hargrove's testimony supports the holder's contention that Hargrove offered to purchase the notes rather than that Collingsworth offered to pay off and discharge the notes. Under the stipulation, the evidence and presumed findings, the tender was conditioned upon a purchase and assignment of the notes.

An offer to buy is not a tender to pay. Bachrach v. Di Carlo, Tex.Civ.App., 80 S.W.2d 815; Bell v. Mast, Tex.Civ.App., 7 S.W.2d 102; Rutherford v. McGee, Tex.Civ.App., 241 S.W. 629, 632; Saussenthaler v. Federal Union Surety Co., 197 Mo.App. 112, 193 S.W. 286; Henderson v. Willis, 160 Ga. 638, 128 S.E. 807; Day v. Strong, 29 Hun, N.Y., 505; Appeal of Forest Oil Co., 118 Pa. 138, 12 A. 442; 52 Am.Jur., Tender, §§ 6, 24.

The judgment is affirmed.