[No. 13632.    Department Two.— December 17, 1891.]

SIMON KULLMAN ET AL., RESPONDENTS, *v.* JACOB GREENEBAUM ET AL., APPELLANTS.

COMPOSITION WITH CREDITORS — SECRET PREFERENCE BY FRIENDS OF DEBTOR. — The principle that an agreement of composition of a debtor with his creditors is rendered invalid by secret payments to preferred creditors beyond their *pro rata* share under the terms of the agreement applies not only to secret payments made by the debtor or his agents, but also to such payments made by relatives or friends of the debtor to induce a creditor to sign the agreement, although the payments were not made out of the debtor's assets.

ID. — KNOWLEDGE OF DEBTOR. — If the debtor knows of such secret payments by his friends, he is not innocent of the imposition practiced upon the other creditors.

ID. — VIOLATION OF AGREEMENT BETWEEN CREDITORS. — A composition agreement is an agreement, as well between the creditors themselves as between the creditors and their debtor, by which each agrees with the others to receive the sum fixed by the agreement in satisfaction of his debt; and the rule that a secret preference of one or more creditors over others invalidates the agreement does not rest solely upon the participation of the debtor in the fraud and the diminution of his actual assets; but such preference, though made by another than the debtor, violates the principles of equity and the mutual confidence as between creditors upon which the agreement is based.

CONVERSION OF STOCKS — PLEDGE — PAYMENT OF PRINCIPAL DEBT — DEMAND AND REFUSAL — INTEREST OVERLOOKED — MAXIM. — In an action to recover the value of stocks converted by the defendant, in the sum of eighteen thousand dollars, where it appears that the stocks in controversy were pledged to the defendants as security for loans amounting to eight thousand dollars, and upon tender of the principal sum the other stocks

were surrendered to the plaintiff, and the defendant refused to deliver the stocks in controversy upon demand therefor, because contending that they were security upon stock account as well as upon the loan account, the fact that the sum of thirty-seven.dollars was due for interest upon the loan, which was overlooked by both parties at the time of the demand and refusal, will not preclude a recovery by plaintiff of the value of the stocks which defendants refused to deliver. The maxim, *De minimis non curat lex,* will apply under such circumstances.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a new trial.

The action was brought to recover the sum of eighteen thousand dollars for the conversion by the defendants of mining stocks belonging to the plaintiffs valued at that sum, which the defendants refused to deliver to the plaintiffs upon demand made upon them on the second day of December, 1886. The complaint alleges that thereafter, on the tenth day of December, 1886, they were fraudulently induced to sign a pretended composition of the creditors of the defendants, which was fraudulent and void as to them by reason of secret preferences of other creditors, of which the plaintiffs were ignorant, and which they rescinded upon discovery of the fraudulent preferences. The plaintiffs recovered judgment for the whole amount claimed as the value of the stocks. Further facts are stated in the opinion of the court.

*John R. Jarboe, W. S. Goodfellow,* and *Edward R. Taylor,* for Appellants.

*Wal. J. Tuska,* for Respondents.

McFARLAND, J. — The main question in this case is about the validity of a composition deed, by which the respondents and the other creditors of appellants agreed to receive *pro rata* the proceeds of the sale of appellants' assets, and thereupon to release them from all claims and demands. Respondents contend that said agreement is invalid, because a fraudulent preference was given to certain of the creditors who signed it, and the court below so found. The court found as facts, that

some of the creditors at first refused to sign the agreement, and that, to induce them to sign, "some of the relatives and friends of the defendants did pay such creditors the full amount of their several demands, with the knowledge, but without the direction of the defendants, and not out of the assets of the said defendants, nor under any promise or expectation of repayment, and thereby did make a preference of such creditors, and induced them to sign the said composition; and that such creditors did receive a larger proportion or sum than secured by·said agreement; of all of which facts the plaintiffs at the time of signing such composition were ignorant, and upon the discovery thereof notified the defendants," etc.

We think that the ruling of the court below was right, and in line with the current of authorities. The general rule is correctly laid down in Story's Equity Jurisprudence, sec. 378; and we stated it quite fully in the recent case of *O'Brien* v. *Greenebaum, ante,* p. 104. It is strenuously argued by counsel for appellants that the principle does not apply here, for the reasons that the payments to the preferred creditors were not made by the debtors or their agents; and particularly that the payments were not made out of the debtors' assets, — that is, out of the actual and disposable property which they then had. It is to be noticed, however, that the appellants knew of these secret payments to preferred creditors; and as the utmost good faith is required in such transactions, the appellants can hardly be said to be innocent of the imposition practiced upon respondents. But beyond all that, the rule does not, by any means, rest solely upon the participation of the debtor in the fraud and the diminution of the actual assets. In a composition agreement each creditor is a party as to each other creditor, as well as to the debtor. "Creditors sign upon the consideration that others sign upon the same terms; and if they are deceived, they are misled into an act to which they might not otherwise·have assented." (See Story's Eq. Jur., sec. 379, and notes.)

*Solinger* v. *Earle*, 82 N. Y. 393, was a case where a brother-in-law (as in the case at bar) had given his note to induce a creditor to sign a composition deed; and in the opinion of the court in that case there is aptly expressed the views which are determinative of the point in question against appellants in the case at bar. The court say: " The agreement between the plaintiff and the defendants, to secure to the latter payment of a part of their debt in excess of the ratable proportion payable under the composition, was a fraud upon other creditors. The fact that the agreement to pay such excess was not made by the debtor, but by a third person, does not divest the transaction of its fraudulent character. A composition agreement is an agreement as well between the creditors themselves as between the creditors and their debtor. Each creditor agrees to receive the sum fixed by the agreement in full of his debt. The signing of the agreement by one creditor is often an inducement to the others to unite in it. If the composition provides for a *pro rata* payment to all the creditors, a secret agreement, by which a friend of the debtor undertakes to pay to one of the creditors more than his *pro rata* share, to induce him to unite in the composition, is as much a fraud upon the other creditors as if the agreement was directly between the debtor and such creditor. It violates the principles of equity and the mutual confidence as between creditors upon which the agreement is based, and diminishes the motive of the creditor who is a party to the secret agreement to act in view of the common interest in making the composition. Fair dealing and common honesty condemn such a transaction."

2. We think that there was sufficient evidence to support the finding of the court that the shares of stock mentioned in the complaint were deposited by respondents with the appellants as security for certain loans of money made by the latter to the former, and not upon any other account; and that when respondents demanded said stock of appellants there was due upon said loan account eight thousand dollars, and thirty-seven dollars

interest. At the time of the demand, respondents paid
to appellants (and the latter received it) the said eight
thousand dollars, but nothing was said about the thirty-
seven dollars for interest, and it was not paid. And it
is now contended by appellants, among other things,
that respondents did not establish a technical conversion
of the stock mentioned in the complaint, because said
thirty-seven dollars was not paid or tendered. But it is
evident that the item of interest was overlooked or for-
gotten by both parties. Appellants did not refuse to
deliver the stock because this item of interest was not
tendered. They received the eight thousand dollars as
the amount due on the loan, and did not demand or call
attention to the interest. They delivered to respondents,
at the time they received the eight thousand dollars,
other stocks which had been pledged in the same way;
and they evidently refused to deliver the stocks men-
tioned in the complaint because they contended, as they
still contend, that they were held upon the stock account
as well as upon the loan account. Under these circum-
stances, and without considering other views presented
on the question by counsel for respondents, it is suffi-
cient to say that the item of interest was so small when
compared with the eight thousand dollars received, and
the eighteen thousand dollars' worth of stock involved,
that we are justified in determining the point against
appellants upon the maxim, *De minimis non curat lex.*

Judgment and order affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.