## RUSSELL v. DOUGET.

### No. 1655.

Court of Appeal of Louisiana.

First Circuit.

Dec. 10, 1936.

Atlee P. Steckler, of Ville Platte, for appellant.

O. E. Guillory, of Ville Platte, for appellee.

LE BLANC, Judge.

Plaintiff seeks to recover judgment against the defendant in the sum of $511.-52 with 8 per cent. interest from February 16, 1934, on a plain promissory note signed and executed by the latter at Mamou, La., on the date mentioned and being made payable to the order of plaintiff on December 1, 1934. The note, which is annexed to the petition, contains a provision for the payment of attorney's fees at 10 per cent. in the event it is sued on or placed in the hands of an attorney or collector for collection, but we note that plaintiff did not include these in his petition or in the prayer thereof.

The defense is: First, that the note sued on which, as alleged, is dated February 16, 1934, was extinguished three days thereafter by a written transaction of accord and satisfaction between the plaintiff and the Federal Land Bank of New Orleans, acting for the benefit of the defendant, and by which, plaintiff in accepting the sum of $61.17 paid him thereunder, agreed not to collect or attempt to collect any further part of the indebtedness due him by defendant; and, second, in the alternative, that when the note sued on was signed, defendant was hopelessly insolvent and the Federal Land Bank, in an endeavor to save him from bankruptcy, as was its policy in such cases, obtained for him a composition settlement with his creditors, including plaintiff, who accepted the arrangement made, and received his pro rata payment in full settlement of his indebted-

ness. As a further alternative, it is urged that the note was given in secret and in fraud of the rights of defendant's other creditors, and in order to effect a preference in favor of the plaintiff, all of which constituted a fraud in law.

The learned district judge handed down written reasons for judgment in which he discussed the testimony in connection with all three defenses presented. He was of the opinion that on any one of them, the defendant, under the evidence was entitled to a dismissal of plaintiff's suit and he rendered judgment accordingly. From that judgment, plaintiff has appealed.

■■ After having had the note identified and making proof of its nonpayment, counsel for plaintiff objected to any parol testimony which would tend to change or alter its written terms as it made full proof of those terms itself. The objection was referred to the merits and counsel reserved a bill to the ruling of the court. He now stresses the objection before this court, urging that it was well taken and should have been sustained. But we are of the opinion that the ruling was correct and that testimony was properly admitted. Defendant had, by his answer, amply laid the foundation to introduce parol testimony to show, either that the note had been extinguished by reason of the transaction referred to as one of accord and satisfaction, or that it was without consideration because given in violation of a composition settlement among his creditors or in secret and in fraud of the other creditors with a view of giving plaintiff an unfair preference. Facts supporting these pleas were fully set out and opened the door to testimonial proof. No doubt the defendant carried the burden of sustaining these defenses which were all special pleas and the only question, therefore, is whether he has carried that burden or not.

■■ As revealed by the testimony, the transaction involved between the defendant and his creditors bears the earmarks of a composition settlement, and inasmuch as each creditor was required by the Federal Land Bank which was making the advances to the debtor, to execute a written receipt individually, in settlement of his indebtedness in full, it may also be said to partake of the nature of the agreement of accord and satisfaction. The distinction between the two sorts of agree-

ment is pointed out in Ruling Case Law, vol. 5, p. 868, par. 1, from which we quoted at length in the case of Baudoin v. Girouard, 164 So. 430, 432. The composition settlement contemplates an agreement not only between the debtor and his creditors, but also among the creditors themselves, whereas the accord and satisfaction is an agreement between the debtor and a single creditor. Here, as we have said, there appears to have been the usual agreement, on the surface, among all the creditors, that they would all scale down their indebtedness as exacted by the Federal Land Bank, and, moreover, by virtue of the written receipt, signed individually by each creditor, there seems to have been also an agreement between the debtor and each individual creditor.

This court, as shown in the case of Baudoin v. Girouard, supra, and in the more recent case of Consolidated Companies, Inc., v. Angelloz (La.App.) 166 So. 910 (lately reaffirmed on rehearing [La.App.] 170 So. 556), declared void the obligations sued on, on the ground that they had been given in violation of a composition agreement among creditors, on proof which was not a bit stronger than that adduced in this case.

■ The facts as revealed by the record show that the defendant who was engaged in the farming business became heavily involved in the year 1933 and foresaw that it would be utterly impossible for him to meet his obligations. He estimated his assets at about $6,000 and his liabilities approximately $10,500. Of the latter, about $5,000 were secured and the balance was not. Facing inevitable bankruptcy, he applied to the Federal Land Bank, through its local correspondent, John Manuel, for the relief which that organization offered to farmers who found themselves in the financial predicament he was in at the time. The idea was for the bank to assist the distressed farmer as far as it possibly could and give him a chance to work his problem out without the humiliation of a bankruptcy proceeding. It is easy to understand, of course, that the bank would not interest itself in the farmer's behalf unless his creditors agreed to scale down their claims to a point where he could clear himself of all unsecured obligations. That is borne out by the testimony of Mr. Manuel and in effect is what is contained in the individual receipt signed by the plaintiff himself.

It was in August, 1933, that the defendant applied to the bank for assistance. At that time, the amount he owed plaintiff, whether in the form of a note or open account, was definitely fixed, and it was up to defendant to obtain plaintiff's consent to a scaling down as well as that of all other of his creditors. In the written receipt executed by plaintiff, the amount is stated as being $571.52 and we are inclined to believe that to be correct, although the exact amount is not important in deciding the issue involved. There is some dispute also as to whether it was in the shape of a personal note as therein recited or an open account, which again we do not deem to be material to the issue.

In February, 1934, after the bank had conducted its negotiations and had virtually agreed on the amount it would advance to the defendant, the latter was able to tell his creditors what pro rata of their obligation they would receive, and with this information before him, defendant called on plaintiff to obtain his consent to the settlement. At this point, we will let the defendant's testimony in the record speak for itself: "This note here (speaking of the note sued on) I signed this note when I wanted to settle my business; Russell did as though he didn't want to settle unless I signed him a new note for the difference. All the others were willing to settle and were waiting to settle, so I agreed to sign this note so I could get the money and settle with the others; if Russell did not sign I could not get my loan." Later on he again states that Russell did not want to accept unless he signed him a new note, so, the new note, which is the one in suit, was made for the difference between the amount of the original obligation and the amount Russell was to receive, and later did receive, from the Federal Land Bank. Not a scintilla of testimony is there to indicate that any of the other creditors were ever made aware of the giving of this note to obtain Russell's consent, and doubtless if they had, the composition would never have been effected.

Here then we have the evidence which stamps this transaction between plaintiff and defendant as that secret understanding by which plaintiff, as one of the defendant's creditors, was given an unfair advantage over all of his other creditors. and which the law holds as utterly repugnant to the composition agreement and will set aside because of its fraudulent nature. As quoted from the text in Ruling Case Law by this court in the case of Baudoin v. Girouard, supra: "The very essence of a composition agreement is that all creditors come in on terms of equality; and that equality would be destroyed if the secret agreement were given effect. Hence it is that a note or other security given by a debtor for the purpose of inducing a creditor to consent to a composition or any security taken for any amount beyond the composition agreed on, or even for that sum, better than that which is common to all, if unknown to the other creditors, is void and inoperative."

The plaintiff of course denies all of this and would have the court believe that he took no part in the settlement conducted by the Federal Land Bank, insisting at all times that he be paid the amount of his claim in full. But the creditor's form receipt exacted by the bank and which he signed and executed, and his cashing of the check given him by the bank's agent for the pro rata payment in full settlement of his claim, supply positive proof to the contrary. He makes a rather weak denial of his signature to the receipt and contends that the amount covered by the check was in payment of interest due on his obligation. We believe, as did the district judge, that Mr. Manuel's testimony sufficiently proves his execution of, and signature to, the receipt. Besides, a comparison of the handwriting with his admitted signature in the record, leaves but little doubt that it is his genuine signature which appears on the document. His contention that the amount he accepted was in payment of interest is as weak, in our opinion, as was his denial of his execution of the receipt certificate. If Mr. Manuel, acting for the bank, was conducting a settlement in full with the defendant's creditors, why, it may be asked, would he be paying the plaintiff interest only, on his claim? Moreover, the amount involved in the payment made to him is 10.7 per cent. of the amount of his claim, which is the pro rata basis on which Mr. Manuel testifies all unsecured claims were settled.

We are satisfied that the defense urged that the note sued on was exacted and given in secret, and in violation of the composition settlement with the defendant's creditors, which plaintiff had accepted, has been amply sustained and on this defense

alone defendant is entitled to judgment because a note or any other obligation given under such circumstances is void and unenforceable.

The judgment below properly dismissed the plaintiff's suit at his costs, and it is accordingly affirmed.