SEARS ROEBUCK and COMPANY, a corporation, v. J. S. McCLURE.

8 So. (2nd) 390                                        Division B
May 26, 1942

P. C. Gorman, for appellant.

H. L. Pringle, for appellee.

CHAPMAN, J.:

This is an action on a promissory note between the original parties. The declaration is in the usual form and the issues were submitted to a jury on pleas of the defendant to the plaintiff's declaration viz: 1-a: that defendant did not sign the note sued upon; 10-a: discharged by payment; and 11-a. The latter plea alleged that defendant, on April 4, 1934, was due plaintiff the sum of $5,296.67, secured by a real estate mortgage on property located in the State of Indiana. The Federal Land Bank loaned defendant the sum of $3,840.00 and accepted a mortgage on the same real property held by the plaintiff. The sum of $3,840.00 was paid to the plaintiff in full payment and satisfaction of its indebtedness. The plaintiff, when accepting payment, signed a written instrument canceling its entire indebtedness against the defendant. The plaintiff refused to sign the cancellation agreement addressed to the Federal Bank until and when the defendant would sign the note sued upon. The cancellation agreement so signed by the plaintiff does not appear in the record. The plea alleged "that at

the time of the execution and delivery of the note to the plaintiff, the plaintiff agreed by parol to accept in payment thereof an assignment of a lease providing for certain rentals on a building" situated in the City of Chicago; "that said rentals were assigned to the plaintiff by the defendant in compliance with the agreement." Plea 11-a makes sub paragraphs a, b, c and d of defendant's plea 2-a, by reference, a part thereof.

The lower court sustained the plea against a motion to strike and a demurrer by the plaintiff. There was no motion to strike the last quoted provision of amended plea 11-a. Likewise a replication of the plaintiff to this plea was denied by the trial court. There was a verdict and judgment for the defendant, and an appeal therefrom has been perfected to this Court. Counsel for the respective parties propose separate questions for adjudication.

In the case of David Bilgore v. Gunn, 150 Fla. 799, 9 So. 184, opinion filed this day, this Court had before it and considered one of these scale down agreement notes when we, in part, said:

"In many jurisdictions where these scale down agreements have been considered the holdings are uniform that such agreements are valid and binding on the parties on the theory that the Federal Land Bank desired to place its creditor in a sound financial position so that he could pay the amount of his mortgage to the Bank at the maturity date. If notes are upheld when given in derogation of the scale down agreements, then the purpose of the Congressional Act authorizing the loan would be defeated. The debt under which the farmer was struggling would remain unchanged. It was the reduction of the farmer's

debts that was desired so that he might make a success of his business.  If creditors were permitted to disregard or ignore the debt reduction agreements and accept notes for the balance due on the old debts, then the farmer would be in no better position than he had been prior to the time the bank came to his assistance with the loan.  It was in legal effect an accord and satisfaction of the entire indebtedness of the farmer.  See O'Neill v. Johnson, 29 Fed. Supp. 307; Geel v. Valiquett, 292 Mich. 1, 289 N. W. 306; Oregon & Western Colonization Co. v. Johnson, 164 Ore. 517, 102 Pac. (2nd)  928; Russell v. Douget (La.), 171 So. 501; Kniefel v. Keller, 207 Minn. 109, 290 N. W. 218; International Harvester Co. v. Young, 288 Mich. 436, 285 N. W. 12; Federal Land Bank of St. Paul v. Koslofsky, 67 N. D. 322, 271 N. W. 907; May v. Whitbeck, 111 Mont. 568, 113 Pac. (2nd) 332; Federal Land Bank of Columbia v. Blackshear Bank, 182 Ga. 657, 186 S. E. 724."

The record discloses that the defendant in 1934 was due the plaintiff the sum of $5,296.67 and the amount was secured by a mortgage.  The defendant obtained a loan in the sum of $3,840.00 from the Federal Land Bank and secured its payment on the same property.  The defendant, after obtaining the loan from the Federal Land Bank, gave plaintiff his note for the difference and sceured its payment by the assignment of rents due under a lease in which the defendant was the payee.  Some $600.00 was paid on the note sued upon when defendant lost the mortgaged property by foreclosure and failed to make additional payments, when the present suit was filed.  Counsel for defendant contends that when plaintiff accepted from the Federal Land Bank the sum of $3,840.00 and sent its

duly signed cancellation of the debt to the Federal Land Bank, the original debt in the sum of $5,296.67, was discharged or paid, and, although the defendant gave to the plaintiff the note sued upon, being balance due on the scale down agreement, the said note is unenforceable and invalid and contrary to public policy. Counsel for the plaintiff admits as true some of the facts *supra,* but contends that the note was given by the defendant to the plaintiff pursuant to an agreement reached with the Federal Land Bank and for this reason under the law the note is enforceable and valid.

The defendant testified that he delivered to the plaintiff the note in controversy and the delivery of the assignment of certain rentals was in full payment of the note. It does not appear that the note was ever delivered by the plaintiff to the defendant after the alleged payment. It was the testimony of the plaintiff that the assignment of the rentals was security for the payment.

The note is viz:

"$1482/08 *Chicago Illinois Ap. 24, 1934*
                        (town) (State)    (date)      Refer to......

"On or before the 1st day of Nov. 1935, for value Note No. ...... received, I promise to pay to Sears, Roebuck and Account No. .......... Co. or order, at Chicago, Ill. the sum of Fourteen Hundred eighty-two and 8/100 Dollars with interest at 6 per cent (6%) per annum from date until maturity; after maturity this note shall draw interest at seven per cent (7%) per annum payable semi-annually until paid in full, and with reasonable attorney's fees, all without relief from valuation or appraisement laws.

"This note is secured by Assignment of a lease and of right to release property at 2019 Fullerton Ave. Chicago said lease being to Jeffers Coal Co. and dated Nov. 1, 1933. Said assignment expires on payment in full of above amount.

J. S. McClure"

The 10th ground of the motion for a new trial is viz:

"10. Because the only plea of the defendant of which there was any proof was the eleventh plea of the defendant, as amended, reading as follows:

" 'That at the time of executing and delivering said note to the plaintiff the plaintiff agreed by parol to accept in payment thereof an assignment of rentals from a certain building located in the City of Chicago, Illinois; that said rentals were assigned to the plaintiff by the defendant in compliance with said agreement.'

"That said plea is an improper plea to the declaration, and the only way said plea could be sustained by the defendant, is to vary, contradict and defeat the terms of a complete and unambiguous instrument."

It is our conclusion that the testimony of the defendant to the effect that the assignment of the rentals on a certain building to the plaintiff as payment and full settlement of the note sued upon in terms varies and contradicts the terms of the note, which state that "This note is *secured* by assignment of a lease." It means that the payment of the note is secured by assignment of a lease. It is contended that the assignment of the lease was a discharge and full payment of the note. We hold that this testimony

was improper and the objections of counsel for the plaintiff should have been sustained. The motions for a new trial should have been granted.

The judgment is reversed and a new trial awarded.

BROWN, C. J., TERRELL, and THOMAS, JJ., concur.